**SAYLAVEE LLC & Steven Lictman, -Plaintiffs**

v.

**Scott B. HOCKLER d/b/a Ducky Interactive, Inc. & Ducky Interactive LLC, -Defendants**

**No. CIV. 3:04CV1344CFDTP.**

United States District Court, D. Connecticut.

June 8, 2005.

Aimee Jennifer Wood, Jaclyn C. Petrozelli, Pullman & Comley, Bridgeport, CT, Lee D. Hoffman, Pullman & Comley, Hartford, CT, Timothy G. Ronan, Pullman & Comley, Stamford, CT, for Plaintiffs.

Benjamin H. Green, Elizabeth Mott Smith, Joseph M. Pastore, III, Julie D. Blake, Brown Raysman Millstein Felder & Steiner, William J. Egan, Hartford, CT, Daniel M. Young, Eric M. Higgins, Wofsey, Rosen, Kweskin & Kuriansky, Stamford, CT, for Defendants.

Meredith C. Braxton, Greenwich, CT, for Movant.

### *RULING ON DEFENDANTS' MOTION FOR LEAVE TO FILE MOTION TO STRIKE (Dkt.# 67)*

SMITH, United States Magistrate Judge.

Pending before the court is the defendants' motion for leave to file a motion to strike.[1] (**Dkt.# 67**). The motion is **DENIED**.

Through this motion, filed over nine months after the complaint, the defendants seek to "amplify the arguments" put forth in their second motion to dismiss. (Ds.' Mem. Supp. Mot., 5/10/05, at 2). The court finds such amplification wholly unnecessary. The defendants' second motion is pending and shall be ruled on in the normal course.

■ Moreover, having reviewed the proposed motion to strike, the court finds that, if leave to file were granted, the motion should be denied. As the defendants note, Rule 12(f) of the Federal Rules of Civil Procedure provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

---

**1.** The court treats this as a non-dispositive motion under 28 U.S.C. § 636(b)(1)(A), which is reviewable pursuant to the "clearly erroneous" standard of review. Fed.R.Civ.P. 72(a) (2005).

Fed.R.Civ.P. 12(f) (2005).[2] The court finds that *none* of the twenty sections of the complaint in question rise to the level of redundancy, immaterialness, impertinence, or scandalousness such that they should be stricken. (*See* Ds.' Mot. For Leave to File, 5/10/05, at Ex. 2). Inappropriately hyperbolic allegations, ill-conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12(f) contemplates.

But still another reason exists why the instant motion must be denied: at the time the defendants filed their first motion to dismiss, they could have included therein a request to strike the allegations now in question, but failed to do so. Therefore, a motion to strike would be barred by the prohibition of successive Rule 12 motions set forth under subsection (g). *See* Fed.R.Civ.P. 12(g). This prohibition is intended, in part, to protect federal courts from precisely the type of excessive motion practice that has marred the sorry progress of this case to date.

**IT IS SO ORDERED.**

---

**2.** The motion is in fact timely, contrary to the understanding of the parties. The defendants have yet to file an answer to the complaint. Because a responsive pleading is permitted and has yet to be filed, the twenty-day limitation does not apply. *See* Fed.R.Civ.P. 12(f); *FDIC v. Collins, et al.,* 920 F.Supp. 30 (D.Conn.1996); *Sosland Publ'g Co. v. Mulholland et al.,* No. 87 Civ. 8432(MBM), 1988 WL 87335, 1988 U.S. Dist. LEXIS 8933 (S.D.N.Y. Aug. 17, 1988).